IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| JACK MILLER, individually, and o/b/o his minor son, D.M., Plaintiff | § § § § | |
| v. | § § | CIVIL ACTION NO. 6:20-cv-00131-H |
| MICHAEL WEBBER, TREY MAYBERRY, and RAYMOND FRANCIS, Defendants. | § § § § | |

**DEFENDANTS' ORIGINAL ANSWER**

TO THE HONORABLE JUDGE HENDRIX:

Michael Webber, Trey Mayberry, and Raymond Francis, Defendants answer Plaintiff's Original Complaint as follows:

**Matters Admitted or Denied**

The Summary in Plaintiff's Original Complaint does not require an admission or denial. Nevertheless, Defendants deny the allegations in the Summary.

1. Defendants admit the party allegations in ¶ 1.

2. Defendants admit the party allegations in ¶ 2.

3. Defendants admit the party allegations in ¶ 3.

4. Defendants admit the party allegations in ¶ 4.

5. Defendants admit the Court has jurisdiction of this case.

6. Defendants admit venue is proper in this District and Division.

7. Defendants admit the event the subject of this lawsuit occurred on October 4, 2020, that officers Webber, Mayberry and Francis were involved, that Miller was contacted by these officers and Miller was with his son. Defendants deny any remaining allegations in ¶ 7.

8. Defendants admit parts of the incident were recorded on a body camera worn by Defendant Mayberry.[1]  Defendants deny any remaining allegations in ¶ 8.

9. Defendants admit Miller was contacted at the checkout line.  Defendants deny any remaining allegations in ¶ 9.

10. Defendants admit Miller's son was in the shopping cart and there were items in Miller's shopping cart.  Defendants deny any remaining allegations in ¶ 10.

11. Defendants admit Mayberry asked Miller if he had been drinking and explained the police had received a report of an intoxicated driver who had a child in the vehicle with him.  Defendants deny any remaining allegations in ¶ 11.

12. Defendants admit the allegation in ¶ 12.

13. Defendants admit Miller was asked if he knew anything about the report of the intoxicated driver.  Defendants deny any remaining allegations in ¶ 13.

14. Defendants admit Miller told the officers that he thinks someone made a false report.  Defendants deny any remaining allegations in ¶ 14.

15. Defendants deny the allegations in ¶ 15.

16. Defendants admit Francis asked Miller for his name.  Defendants deny any remaining allegations in ¶ 16.

17. Defendants admit Miller said his name was Jack as alleged in ¶ 17, but that he refused to give his last name.

18. Defendants admit Francis asked to see Miller's identification as alleged in ¶ 18.

19. Defendants admit Miller said he had his identification with him but refused to show it to the officers as alleged in ¶ 19.

---

[1] Defendants cannot admit or deny whether the video attached as Exhibit "A" is the correct and complete video from Mayberry's body camera as it was not attached to the Complaint served upon Defendants.

20. Defendants admit the allegations in ¶ 20.

21. Defendants admit the allegations in ¶ 21.

22. Defendants deny the allegations in ¶ 22.

23. Defendants admit Miller stated he did not have to give them his identification. Defendants deny the remaining allegations in ¶ 23.

24. Defendants admit the allegations in ¶ 24.

25. Defendants admit the allegations in ¶ 25.

26. Defendants admit the allegations in ¶ 26.

27. Defendants admit the allegations in ¶ 27.

28. Defendants admit the allegations in ¶ 28.

29. Defendants admit the allegations in ¶ 29.

30. Defendants admit the allegations in ¶ 30.

31. Defendants deny the allegations in ¶ 31.

32. Defendants deny the allegations in ¶ 32.

33. Defendants admit the allegations in ¶ 33.

34. Defendants admit the allegation in ¶ 34.

35. Defendants admit the allegations in ¶ 35.

36. Defendants admit that Francis and Mayberry told Sergeant Holt later that Miller was not arrested for an offense other than failure to identify. Defendants deny any remaining allegations in ¶ 36.

37. Defendants admit that Miller's stated failure to identify only applied if he had been arrested. Defendants deny any remaining allegations in ¶ 37.

38. Defendants admit the allegation in ¶ 38.

39. Defendants admit that Miller's son was present at the time Miller was arrested. Defendants deny any remaining allegations in ¶ 39.

40. Defendants deny the allegations in ¶ 40.

41. Defendants deny the allegations in ¶ 41.

42. Defendants admit Miller was turned around and handcuffed. Defendants deny any remaining allegations in ¶ 42.

43. Defendants deny the allegation in ¶ 43.

44. Defendants admit the allegation in ¶ 44.

45. Defendants admit Webber told Miller to put his hands behind his back. Defendants deny the remaining allegations in ¶ 45.

46. Defendants admit the allegation in ¶ 46.

47. Defendants deny the allegation in ¶ 47.

48. Defendants admit Miller made the statement "look what you're doing man". Defendants deny the remaining allegations in ¶ 48.

49. Defendants admit Miller spoke to his son as alleged in ¶ 49.

50. Defendants deny the allegations in ¶ 50.

51. Defendants deny the allegations in ¶ 51.

52. Defendants admit D.M. was present. Defendants deny any remaining allegations in ¶ 52.

53. Defendants admit Miller asked "What are you doing?" Defendants deny any remaining allegations in ¶ 53.

54. Defendants admit the allegation in ¶ 54.

55. Defendants admit Webber made the statement "we have one resisting". Defendants deny any remaining allegations in ¶ 55.

56. Defendants admit the allegation in ¶ 56.

57. Defendants admit the allegation in ¶ 57.

58. Defendants admit the allegation in ¶ 58.

59. Defendants admit Miller was pushed against a drink cooler. Defendants deny any remaining allegations in ¶ 59.

60. Defendants admit Webber told Miller to calm down. Defendants deny any remaining allegations in ¶ 60.

61. Defendants deny the allegation in ¶ 61.

62. Defendants deny the allegations in ¶ 62.

63. Defendants deny the allegations in ¶ 63.

64. Defendants deny the allegations in ¶ 64.

65. Defendants deny the allegations in ¶ 65.

66. Defendants deny the allegations in ¶ 66.

67. Defendants admit the allegations in ¶ 67.

68. Defendants admit the allegations in ¶ 68.

69. Defendants admit the allegations in ¶ 69.

70. Defendants deny the allegation in ¶ 70.

71. Defendants deny the allegation in ¶ 71.

72. Defendants deny the allegation in ¶ 72.

73. Defendants deny the allegation in ¶ 73.

74. Defendants deny the allegations in ¶ 74.

75. Defendants deny the allegations in ¶ 75.

76. Defendants deny the allegations in ¶ 76.

77. Defendants admit Miller asked where his son was. Defendants deny any remaining allegations in ¶ 77.

78. Defendants admit the allegation in ¶ 78.

79. Defendants admit the allegation in ¶ 79.

80. Defendants deny the allegation in ¶ 80.

81. Defendants admit the allegation in ¶ 81.

82. Defendants admit the allegation in ¶ 82.

83. Defendants admit the allegation in ¶ 83.

84. Defendants admit the allegation in ¶ 84.

85. Defendants deny the allegations in ¶ 85.

86. Defendants admit the allegation in ¶ 86.

87. Defendants admit the allegations in ¶ 87.

88. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 88.

89. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 89.

90. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 90.

91. Defendants admit the allegation in ¶ 91.

92. Paragraph 92 of Plaintiff's Original Complaint does not require an admission or denial.

93. Paragraph 93 is a conclusion of law and does not require an admission or a denial.

94. Defendants deny the allegations in ¶ 94.

95. Paragraph 95 is a conclusion of law and does not require an admission or a denial.

96. Paragraph 96 is a conclusion of law and does not require an admission or a denial.

97. Paragraph 97 is a conclusion of law and does not require an admission or a denial. However, Defendants admit that it was clearly established on the date of the arrest of Miller that a lawful arrest under the Fourth Amendment requires probable cause.

98. Paragraph 98 is a conclusion of law and does not require an admission or a denial. However, Defendants admit that the offense of failure to identify under Texas Penal Code 38.02 can only be committed if a person fails to identify himself after an arrest.

99. Paragraph 99 is a conclusion of law and does not require an admission or denial. However, Defendants admit that courts view the totality of the circumstances surrounding an arrest in determining whether probable cause for the arrest existed.

100. Defendants deny the allegations in ¶ 100.

101. Defendants admit the allegations in ¶ 101.

102. Defendants admit Miller was arrested. Defendants deny any remaining allegations in ¶ 102.

103. Defendants admit the allegations in ¶ 103.

104. Defendants admit that Texas Penal Code § 38.02 (a) is quoted correctly and that Miller was not under arrest at the time he initially failed to identify himself. Defendants deny any remaining allegations in ¶ 104.

105. Defendants deny the allegations in ¶ 105.

106. Defendants deny the allegations in ¶ 106.

107. Defendants deny the allegations in ¶ 107.

108. Defendants deny the allegation in ¶ 108.

109. Defendants deny the allegations in ¶ 109.

110. Defendants deny the allegations in ¶ 110.

111. Defendants deny the allegations in ¶ 111.

112. Paragraph 112 of Plaintiff's Original Complaint does not require an admission or a denial.

113. Defendants deny the allegations in ¶ 113.

114. Defendants admit Miller brings this lawsuit under 42 U.S.C. § 1983 as alleged in ¶ 114, but deny his claims have merit or that he is entitled to relief thereunder.

115. Defendants deny the allegations in ¶ 115.

116. Paragraph 116 of Plaintiff's Original Complaint is a conclusion of law and does not require an admission or denial.

117. Paragraph 117 of Plaintiff's Original Complaint is a conclusion of law and does not require an admission or denial.

118. Paragraph 118 of Plaintiff's Original Complaint is a conclusion of law and does not require an admission or denial.

119. Paragraph 119 of Plaintiff's Original Complaint is a conclusion of law and does not require an admission or denial.

120. Paragraph 120 of Plaintiff's Original Complaint is a conclusion of law and does not require an admission or denial.

121. Defendants deny the allegations in ¶ 121.

122. Defendants deny the allegations in ¶ 122.

123. Defendants deny the allegations in ¶ 123.

124. Defendants deny the allegations in ¶ 124.

125. Defendants deny the allegations in ¶ 125.

126. Defendants deny the allegations in ¶ 126.

127. Defendants deny the allegations in ¶ 127.

128. Defendants deny the allegations in ¶ 128.

129. Defendants deny the allegations in ¶ 129.

130. Defendants deny the allegations in ¶ 130.

131. Paragraph 131 of Plaintiff's Original Complaint does not require an admission or denial.

132. Paragraph 132 of Plaintiff's Original Complaint is a conclusion of law and does not require an admission or a denial.

133. Defendants deny the allegations in ¶ 133.

134. Defendants admit the allegations in ¶ 134, but deny Miller was imprisoned.

135. Defendants deny the allegations in ¶ 135.

136. Defendants admit that Texas Penal Code § 38.02 (a) is quoted correctly and that Miller was not under arrest at the time he initially failed to identify himself. Defendants deny the remaining allegations in ¶ 136.

137. Defendants deny the allegations in ¶ 137.

138. Defendants deny the allegations in ¶ 138.

139. Defendants deny the allegations in ¶ 139.

140. Paragraph 140 of Plaintiff's Original Complaint does not require an admission or denial.

141. Defendants deny the allegations in ¶ 141.

142. Defendants deny the allegations in ¶ 142.

143. Defendants deny the allegations in ¶ 143.

144. Defendants deny the allegations in ¶ 144.

145. Defendants deny the allegations in ¶ 145.

146. Defendants deny the allegations in ¶ 146.

147. Defendants deny the allegations in ¶ 147.

148. Defendants deny the allegations in ¶ 148.

149. Defendants deny the allegations in ¶ 149.

150. Defendants deny the allegations in ¶ 150.

151. Defendants deny the allegations in ¶ 151.

152. Paragraph 152 of Plaintiff's Original Complaint does not require an admission or a denial.

153. Paragraph 153 is a conclusion of law and does not require an admission or a denial.

154. Admit D.M. was at the scene. Defendants deny the remaining allegations in ¶ 154.

155. Defendants deny the allegations in ¶ 155.

156. Defendants deny the allegations in ¶ 156.

157. Defendants admit the allegations in ¶ 157.

158. Paragraph 158 of Plaintiff's Original Complaint does not require an admission or a denial.

159. Defendants deny the allegations in ¶ 159.

160. Defendants deny the allegations in ¶ 160.

161. Paragraph 161 of Plaintiff's Original Complaint does not require an admission or a denial.

162. Paragraph 162 is a conclusion of law and does not require an admission or a denial.

163. Defendants deny the allegations in ¶ 163.

164. Defendants deny the allegations in ¶ 164.

165. Defendants deny the allegations in ¶ 165.

166. Defendants deny the allegations in ¶ 166.

167. Defendants deny the allegations in ¶ 167.

168. Defendants admit Plaintiff is seeking the relief alleged but deny Plaintiff is entitled to any of the recovery requested in ¶ 168.

169. Defendants admit Plaintiff is seeking recovery of attorney's fees but deny Plaintiff is entitled to the recovery requested in ¶ 169.

170. Plaintiff's jury request does not require an admission or a denial.

171. Plaintiff's prayer does not require an admission or a denial.

## Affirmative Matters or Defenses

172. Defendants plead Plaintiff has failed to state a claim for which relief can be granted.

173. Defendants plead that they are protected by qualified immunity under federal law.

174. Defendants plead they are protected by official immunity under state law.

175. Defendants plead the jurisdictional defense of governmental immunity as to all state law claims because their actions as police officers were done in their official capacity and in

the course and scope of their employment as police officers. Suit against Defendants in their individual capacity for state law torts is barred and these claims should be dismissed under TEX. CIV. PRAC. & REM. CODE § 101.106(f).

176. Defendants plead the requirements and limitations of the Texas Tort Claims Act.

177. Defendants plead that exemplary or punitive damages are not recoverable against Defendants.

178. Defendants plead any appropriate requirements for the recovery of punitive damages and any applicable damages caps.

179. Defendants plead that Plaintiff is not entitled to any relief in this cause.

Respectfully submitted,

JACKSON WALKER L.L.P.
136 W. Twohig Ave., Suite B
San Angelo, Texas 76903
jmhogg@jw.com
(325) 481-2560
(325) 481-2585 - Facsimile

By: /s/ Jon Mark Hogg
     Jon Mark Hogg
     State Bar No. 00784286

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

This is to certify that on the 10th day of February, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notice of such filing to all attorneys of record on file.

/s/ Jon Mark Hogg
Jon Mark Hogg