UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

JACK MILLER,

    Plaintiff,

v.

                                              No. 6:20-CV-131-H

MICHAEL WEBBER, et al.,

    Defendants.

## ORDER REQUIRING RULE 7(a) REPLY

Michael Webber, Trey Mayberry, and Raymond Francis have filed an Answer asserting the affirmative defense of qualified immunity. Dkt. No. 9. Because greater detail will assist the Court in resolving the issue of qualified immunity, Jack Miller is ordered to file a Rule 7(a) Reply no later than 21 days from the issuance of this order. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995) ("When a public official pleads the affirmative defense of qualified immunity in his answer, the district court may, on the official's motion or on its own, require the plaintiff to reply to that defense in detail.") ("[A] district court's discretion not to [order a Rule 7(a) Reply] . . . is narrow indeed when greater detail might assist.").

In the Rule 7(a) Reply, the plaintiff must allege with particularity all material facts establishing his right to recovery against each defendant, including facts that support any allegation by the plaintiff that qualified immunity does not bar recovery against the defendants. *Id.* ("By definition, [a Rule 7(a)] [R]eply must be tailored to the assertion of qualified immunity and fairly engage its allegations."). "Qualified immunity includes two inquiries. The first question is whether the officer violated a constitutional right. The second question is whether the right at issue was 'clearly established' at the time of [the] alleged misconduct." *Morrow v. Meachum*, 917 F.3d 870, 874 (5th Cir. 2019) (internal quotations

omitted). Therefore, the reply shall allege facts showing that each defendant violated the plaintiff's constitutional rights. Also, the reply shall define the clearly established law that the defendants are alleged to have violated, at an appropriate level of generality, and cite reported decisions of the Fifth Circuit or the United States Supreme Court to support the plaintiff's contentions. No technical forms of pleading are required in the Rule 7(a) Reply, but the reply shall be simple, concise, and direct.

"One of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive[.]" *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012). Thus, the Court orders that all discovery is stayed until the Court resolves the issue of qualified immunity or issues an order authorizing the plaintiff to conduct limited discovery to respond to the qualified-immunity issues raised in a motion for summary judgment. *See Wicks v. Miss. State Emp. Servs., Inc.*, 41 F.3d 991, 994–95 (5th Cir. 1995); *see also Zapata v. Melson*, 750 F.3d 481, 485–86 (5th Cir. 2014); *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012); *Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Cir. 1987); *Webb v. Livingston*, 618 F. App'x 201, 206 (5th Cir. 2015) (per curiam).

So ordered on March 11, 2021.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE