UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

JACK MILLER,

    Plaintiff,

v.                                           No. 6:20-CV-131-H

MICHAEL WEBBER, et al.,

    Defendants.

## SCHEDULING ORDER FOR CONSIDERATION OF THE DEFENSE OF QUALIFIED IMMUNITY

Before the Court is the parties' Joint Report Regarding Contents of Scheduling Order. Dkt. No. 14. In their joint report, the parties propose that the Court resolve the qualified-immunity, official-immunity, and governmental-immunity questions by a dispositive motion. *Id.* at 4. In accordance with this request and pursuant to Fed. R. Civ. P. 16(b), the local rules of this Court (except as modified herein), and *Schultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995), the Court finds that the following schedule should govern the disposition of this case. Unless otherwise ordered or modified by this order, all limitations and requirements of the Federal Rules of Civil Procedure and this Court's local rules must be observed.

I.     **Summary of Critical Deadlines and Dates**

| Dispositive Motion(s) Based on Immunity (¶ 1) | June 30, 2021 |
|---|---|
| Motion for Leave to Conduct Limited Discovery (¶ 2) | Fourteen Days After the Filing of Dispositive Motion(s) Based on Immunity |
| Response(s) to a Motion for Leave to Conduct Limited Discovery (¶ 2) | Seven Days After the Filing of a Motion for Leave to Conduct Limited Discovery |

## II.   Scheduling Instructions

1.   **Dispositive Motion(s) Based on Immunity:** The Court will decide each defendant's entitlement to qualified immunity, state immunity, and governmental immunity on an expedited basis through a dispositive motion filed under Federal Rule of Civil Procedure 56.  Thus, the defendants shall file any dispositive motion(s) under Federal Rule of Civil Procedure 56 based on the defenses of qualified immunity, state immunity, and government immunity by June 30, 2021.[1]

A dispositive motion must be accompanied by or incorporate a brief.  The party filing a dispositive motion must, in a separate section at the beginning of the brief, identify the live pleadings for each party who has appeared in the action and specify the name of each pleading, the date it was filed, and the pleadings' document numbers on the Court's docket.

Any affidavits, depositions, written discovery materials, or other summary-judgment evidence must be included in a separate appendix.  The appendix must be numbered sequentially from the first page through the last and include an index of all documents included.  An envelope that contains a non-documentary or oversized exhibit must be numbered as if it were a single page.  *See* N.D. Tex. L. Civ. R. 56.6.  The moving party must bracket in the margin of each document in the appendix the portions of the document on which the movant relies, and, when citing record materials in its brief, the moving party must support each assertion by citing each relevant page of its appendix.

If a motion is timely filed, the Court may establish a briefing schedule by separate order.  But if the Court does not establish a briefing schedule by separate order, the briefing

---

[1] The defendants are encouraged to file a joint summary-judgment motion to the extent possible.

schedule will be set by the Northern District of Texas Local Civil Rules. Except as provided in an order by the Court, no supplemental pleadings, briefs, summary-judgment evidence, or other documents will be allowed in connection with the motion for summary judgment or response without leave of court. *See* N.D. Tex. L. Civ. R. 56.7.

If a dispositive motion becomes moot for any reason, such as the filing of an amended complaint or settlement, the moving party must notify the Court immediately.

2.  **Discovery:** All discovery is stayed pending the resolution of the defendants' immunity defenses. Courts have inherent power "to control the disposition of the causes on is docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see In re Beebe*, 56 F.3d 1384 (5th Cir. 1995) (citing *Landis* in support of stay). A stay of discovery is particularly appropriate when a defendant asserts an immunity defense. *See Wells v. State Att'y Gens. of La.*, 469 F. App'x 308, 310 (5th Cir. 2012) ("[D]iscovery generally is not allowed until the resolution of immunity issues in the case."). And in the context of qualified immunity, a discovery stay is mandatory unless the plaintiffs alleges facts to overcome the defense of qualified immunity, and limited discovery may be conducted prior to the resolution of qualified immunity only if the discovery is narrowly tailored to uncover only those facts needed to rule on the immunity claim. *See Wicks v. Miss. State Emp't Servs.*, 41 F.3d 991, 994–95 (5th Cir. 1995). Accordingly, there is good cause to stay discovery at least as to the claims for which the defendants assert qualified immunity as a defense. Additionally, in the interest of efficiency and fairness, the Court finds that discovery should be stayed as to the remaining claims, all for which the defendants have asserted the defenses of state official and governmental immunity.

3

If the defendants file dispositive a motion under Rule 56 and a party contends that it cannot adequately respond without an opportunity to engage in discovery, the party may file a motion for leave to conduct limited discovery pertaining to qualified immunity. Any motion for leave to conduct limited discovery shall be filed within fourteen days of the filing of a dispositive motion under Rule 56. Such a motion must include the specific discovery requests that the plaintiff seeks to serve on the defendants and a brief that cites to relevant authorities and explains why the discovery is necessary to enable the plaintiff to respond to the immunity issues raised in the dispositive motion. The Court will permit discovery only if (1) the defendants' immunity claims turn "at least partially on a factual question," (2) the Court "is unable to rule on the immunity defense without further clarification of the facts," and (3) the discovery requested is "narrowly tailored to uncover only those facts needed to rule on the immunity claim." *See Lion Boulos v. Wilson*, 834 F.2d 504, 508 (5th Cir. 1987).

Any response to a motion for leave to conduct limited discovery must be filed within seven days of the filing of the motion for leave.

3. **Modification of Scheduling Order:** This Order shall control the disposition of the immunity issues in this case unless it is modified by the Court upon a showing of good cause and by leave of court. Fed. R. Civ. P. 16(b)(4). Conclusory statements will not suffice to show good cause, even if the motion is agreed or unopposed. After the Court issues a ruling on any dispositive motion(s) filed on the basis of immunity, or if no such motions are timely filed, the Court will issue a scheduling order governing the conduct of the remaining pretrial proceedings.

4. **Compliance with this Order:** Counsel and the parties are expected to comply fully with this Order. Failure to comply will cause the Court to consider the entire range of sanctions available.

So ordered on April 16, 2021.

                                                 _____
                                                 JAMES WESLEY HENDRIX
                                                 UNITED STATES DISTRICT JUDGE